No. 23-20401

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

JOHN J. DIERLAM
*Plaintiff-Appellant*
v.
Joseph R. Biden, in his official capacity as President of the United States; United States Department of Health and Human Services; Xavier Becerra, Secretary, U.S. Department of Health and Human Services; United States Department of Treasury; Janet Yellen, Secretary, U.S. Department of Treasury; United States Department of Labor; Julie A. Su, Acting Secretary, U.S. Department of Labor,
*Defendants-Appelees*

---

On Appeal from the United States District, Court Southern District of Texas
USDC No. 4:16-CV-307

---

**REPLY BRIEF OF APPELLANT**

---




John J. Dierlam, pro se
5802 Redell Road
Baytown, Texas 77521
Phone: 281-424-2266
email: jdierlam@outlook.com

**Fifth Circuit Court of Appeals**

| | | |
|---|---|---|
| John J. Dierlam | § | |
| | § | |
| | § | |
| versus | § | NO. 18-20440 |
| | § | |
| Donald Trump, President, et. al. | § | |
| USDC No. 4:16-CV-307 | § | |
| | § | |
| | § | |

Table of Contents


TABLE OF CITATIONS....iii

ARGUMENT....1

I – Several points in the Appellee's Brief require additional clarification....1

A – The Individual Mandate, the Individual Mandate Penalty, and Minimum Essential Coverage are separate and distinct concepts and provisions contained within the ACA. The Challenge to minimum essential coverage and the Individual Mandate is materially different than the individuals presented in the California v. Texas case....1

B – Actions by the government after the filing of the Complaint are very much a part of this case and demonstrate a continuing violation of the Law by the government....3

C – The Bias of the Lower Court prevented a fair Standing and Mootness Analysis....5

CERTIFICATE OF SERVICE....6

CERTIFICATE OF COMPLIANCE....7

Table of Citations

**Cases**

*California v. Texas, 141 S. Ct. 2104, 593 U.S., 210 L. Ed. 2d 230 (2021)*.......passim

*Dierlam v. Trump, 977 F.3d 471 (5th Cir. 2020)*........................................................5

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).*........................................................3

**US Constitution**

First Amendment........................................................................................4
Fourth Amendment....................................................................................4
Fifth Amendment.......................................................................................4
Ninth Amendment......................................................................................4
Tenth Amendment......................................................................................4

**Statutes**

26 U.S.C. § 5000A (Individual Mandate Penalty)..............................................2

Public Law 111-148 and 111-152 (ACA and HCERA)....................................passim

Public Law 115-97 (Tax Cuts and Jobs Act of 2017 or TCJA)................................2

**Regulations**

45 CFR §147.130 among others (original HHS Mandate)...............................passim

## Argument

**I – Several points in the Appellee's Brief require additional clarification**
**A – The Individual Mandate, the Individual Mandate Penalty, and Minimum Essential Coverage are separate and distinct concepts and provisions contained within the ACA. The Challenge to minimum essential coverage and the Individual Mandate is materially different than the individuals in the *California v. Texas* case presented.**

It appears there is some confusion in terminology which should be clarified. On p.3 of the appellee's Brief and on p. 5 of that Brief, the government indicates the individual defendants in *California v. Texas, 141 S. Ct. 2104, 593 U.S., 210 L. Ed. 2d 230 (2021)* present a "materially identical challenge" to the instant case. For several reasons this observation is in error. The Court decision in that case specifically identifies the provisions of the ACA which are attacked in that lawsuit. On p. 2112 the Court lists et. al.,

> (a) Requirement to maintain minimum essential coverage "An applicable individual shall ... ensure that the individual, and any dependent... who is an applicable individual, is covered under minimum essential coverage...." Id.

My briefs refer to this provision as the Individual Mandate which is distinct from what I refer to as "minimum essential coverage." "Minimum essential coverage," as the name itself implies, I define as all the required health insurance coverages mandated by the ACA, or with their delegated authority under the ACA, by the agencies, which includes HHS. I do challenge both the Individual Mandate and minimum essential coverage but on different grounds. (See Claims 11, 13, 14, 15,

18 of the 3AC for the Individual Mandate and, Claims 11, 12, 13, 15, 17, 18 for minimum essential coverage.) These challenges were not present in the *California v. Texas* decision, although the Supreme Court does appear in some places to lump minimum essential coverage and the Individual Mandate together and refer to these as the minimum essential coverage provision. The dissent appears to better separate these provisions. Id.

The individual plaintiffs in *California v. Texas* indicated they maintained minimum essential coverage because the ACA mandates they do so, which is the Individual Mandate. No objection by the individuals in the suit is mentioned to any specific coverage in the decision. Their injury was the unwanted monthly payments for minimum essential coverage past, present, and future. The Court found that after the TCJA of 2017, the penalty for not purchasing the coverage was no longer in effect. Therefore, individuals no longer have an injury traceable to the defendants and no longer had standing. (See pp.2113-2117 Id.)

My action was just the opposite of the individuals mentioned in this case. I dropped my employer's health insurance which was forced to contain minimum essential coverage and I purposely violated the Individual Mandate. I had to pay the penalties called for in the ACA. It does not appear the individuals in *California v. Texas* paid the Individual Mandate Penalty or Shared Responsibility Payment. To

conform to the tenants of my faith, I violated the Individual Mandate because I objected to the abortion, contraceptive, sterilization, and related counseling so called health insurance coverages within "minimum essential coverage" as defined above. As described in the Brief of the Appellant, these injuries are still present and have expanded with the HHS guidance of 2022 into Medicare as well, which I must enroll in 2024 or face penalties for late enrollment. (See p.17-18 of the Appellant's Brief) Even without the Individual Mandate, "minimum essential coverage" is enforceable on insurance providers which directly causes injury to the individuals purchasing the insurance as described in the Appellant's Brief. (See p.20-21, 39-40, 43-44) The individuals in the *California v. Texas* case do not appear to make any such argument against the minimum essential coverage provision.

**B – Actions by the government after the filing of the Complaint are very much a part of this case and demonstrate a continuing violation of the Law by the government.**

The footnote on p. 9 of the Appellee's Brief would have this court NOT consider very relevant and material information in this case. Actions by HHS, such as the expansion of the original HHS Mandate into Medicare, redefinition of gender identity, and gender affirming care, after the Complaint was filed in fact bolster the Complaint as such action was fully anticipated in the Complaint. See (ROA.1138-1140) It demonstrates the agencies purposeful intention to violate

religious belief and impose its dogma "if unchecked by the litigation."[1] The government cites no authority for this footnote, whereas the Complaint and subsequent Briefs indicate the new HHS actions fall under the same Constitutional violations and involve the same or similar subjects. I initiated this lawsuit to obtain relief from the government's violation of the 1st, 4th, 5th, 9th, and 10th amendments as well as other Constitutional and legal violations because of past, present, AND future actions.

The insights of the dissenters on the constitutionality of the Individual Mandate as inseverable from the ACA in *California v. Texas* on pp.2135-2140 is applicable here. The provisions mentioned by the dissenters which are inseverable are different than the provisions indicated in the briefs, but the analysis is similar. I would add the arguments in the Complaint regarding the limits of government power to regulate (Claim 19) and the confiscation of property at the government's behest and direction (Claims 14 and 17). The logical purpose to regulate Commerce is to prevent any party in a transaction from taking undue advantage, however when the supposedly neutral regulator derives a political, economic or religious advantage it is no longer regulating but is itself taking undue advantage. The design of the ACA goes far beyond any constitutional regulation of an

1 Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). p.190

industry. The actual target of the ACA is the individual, which it seeks to control and deprive of inalienable freedoms. The ACA rewards Democrat political and religious allies and punishes enemies, which includes Catholics who hold to the centuries old teachings of the Church. The ACA is a sham and fits the definition of corruption.

**C – The Bias of the Lower Court prevented a fair Standing and Mootness Analysis.**

On p.3 the government's Brief suggested the lower Court correctly implemented the mootness analysis required by this Court's decision in *Dierlam v. Trump, 977 F.3d 471 (5th Cir. 2020).* However, compare the paragraph spanning (ROA.847-848) with (ROA.1292:22-1293:1). The new actions by the defendants mentioned above and in the Appellant's Brief received little or no attention from the lower court. Aside from the Clarifying Memorandum (ROA.846-854), the lower court provided very little in legal theory or reasoning for its decisions, which causes greater difficulty in questioning those decisions. I believe a proper mootness and standing analysis was never conducted by the lower court as it had a very different predetermined agenda through out this case which made a fair analysis impossible.

Certificate of Service

I certify I have on December 23, 2023 mailed a copy of the above document to the clerk of the court at:

FIFTH CIRCUIT CLERK'S OFFICE
600 South Maestri Place
New Orleans, LA 70130

As I do not have access to the Court's electronic filing system, I have emailed a copy to the Defendant's counsel at Sarah.N.Smith@usdoj.gov and Alisa.Klein@usdoj.gov

Date: December 22, 2023

John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 1154 words (according to the wordprocessor's word count tool.)

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using LibreOffice 5.3.6.1 in Times New Roman 14 point typeface, footnotes are in 12 point.

Date: December 22, 2023

John J. Dierlam


John J. Dierlam
5802 Redell RD
Baytown, TX 77521
Fifth Circuit Clerk's Office
600 South Maestri Place
New Orleans, LA 70130
UNITED STATES POSTAL SERVICE.
Retail
G
US POSTAGE PAID
$7.85
Origin: 77521
12/23/23
4806000521-1
USPS GROUND ADVANTAGE™
0 Lb 14.50 Oz
RDC 01
C027
SHIP TO:
600 S MAESTRI PL
NEW ORLEANS LA 70130-3414
USPS TRACKING® #
9500 1137 1488 3357 8010 24